**Ronald FRYBARGER, as Administrator of the Estate of Michael Zachrich, Plaintiff-Appellant,**

v.

**Donald D. COFFELT, David J. Reinoehl, Defendants-Appellees.**

**No. 3–776A165.**

Court of Appeals of Indiana, Third District.

April 5, 1979.

Ronald D. Fryberger, pro se.

Edward E. Beck, Fort Wayne, for plaintiff-appellant.

Solomon L. Lowenstein, Jr. and John A. Shahan, Fort Wayne, for defendants-appellees.

GARRARD, Presiding Judge.

This was a wrongful death action against Coffelt for the death of Zachrich, an automobile guest passenger. The issue was whether Coffelt was guilty of wilful or wanton misconduct within the meaning of IC 9-3-3-1. The case was tried on the merits by the court. The court found that Fryberger failed to sustain his burden of proof and entered judgment for the defend-

ant. Fryberger now appeals from this negative judgment. *See Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669.

Four errors are assigned. Fryberger first seeks a reconsideration of *Sidle v. Majors* (1976), Ind., 341 N.E.2d 763, holding the statute does not unconstitutionally deny equal protection of the laws. We must, of course, decline the invitation.

The third and fourth assignments concern the admission and exclusion of evidence on the issue of damages. As the decision rendered these rulings superfluous, they present nothing for review. *Adkins v. Poparad* (1943), 222 Ind. 16, 51 N.E.2d 476.

The remaining assignment asserts the decision was contrary to law. However, Fryberger's argument misconstrues the appellate burden confronting him when the party with the burden of proof loses at trial. He urges the evidence was sufficient to support a finding in his favor. This assertion, however, establishes no basis for appellate reversal. To entitle Fryberger to relief from the negative judgment, neither the evidence at trial nor the inferences to be drawn therefrom may admit to any conflicts which the trier of fact might reasonably resolve to reach the conclusion that the plaintiff failed to establish by a preponderance of the evidence all the elements necessary for recovery. *Pokraka, supra.* Instead, as often stated by our courts, the evidence must be without conflict and must lead to but one reasonable conclusion; a conclusion opposite that reached by the court. *See, e. g., Lake Co. Council v. Arredondo* (1977), Ind., 363 N.E.2d 218.

Thus, the question before us is whether there was any basis in the evidence or in the inferences to be drawn from it upon which the court might reasonably have determined that Coffelt was not guilty of wilful or wanton misconduct. To determine the answer it is necessary to briefly consider what is essential to establish an act as wanton within the meaning of the statute.[1]

---

[1]. Assuming wilful equates with deliberate or intentional injury. *See Clouse v. Peden* (1962), 243 Ind. 390, 186 N.E.2d 1, n. 1; *Sausaman v. Leininger* (1957), 237 Ind. 508, 146 N.E.2d 414.

Our prior decisions have stated, generally, that wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to the consequences, under circumstances which show that the doer has knowledge of existing conditions and that injury will *probably* result. *See Clouse v. Peden, supra; Sausaman v. Leininger, supra; Bedwell v. DeBolt* (1943), 221 Ind. 600, 50 N.E.2d 875. Moreover, it is sufficient under the guest statute that a reasonable man would be aware of the high probability that injury would result. *Sausaman*, 146 N.E.2d at 418.

This reference to the *known probability* of injury is the key to the consideration of wantonness. The distinction between wanton misconduct and conduct that is merely negligent is one of the *quality* of the act. Prosser, Law of Torts (4th Ed.) § 34, pp. 184–186: Thus, our Supreme Court has characterized wanton misconduct as entailing "some 'perverse motive,'" *Sausaman*, 146 N.E.2d at 418; or, "a conscious indifference to the consequences," *Bedwell*, 50 N.E.2d at 878. *See also Fielitz v. Allred* (1977), Ind.App., 364 N.E.2d 786; *Brueckner v. Jones* (1970), 146 Ind.App. 314, 255 N.E.2d 535.

In *Clouse*, 186 N.E.2d at 4 the court stated that liability under the guest statute is not created simply if collision and injury are "more probable than improbable." "Rather, the term 'probable injury,' as used in the cases defining wanton or wilful misconduct, must be considered to have reference to . . . a very real and present likelihood of injury . . . ."

§ 500, Restatement of Torts, 2nd puts it as where one "intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct *not only* creates an unreasonable risk of bodily harm to the other [*i. e.*, negligence] *but also* involves a *high degree of probability* that substantial harm will result to him." (Our emphasis) It is this high probability of injury taken with the consciousness of action that evidences the qualitative, "perverse" character of wantonness. *Compare* the quality of conduct necessary to common law recovery where plaintiff is contributorily negligent. *See McKeown v. Calusa* (1977), Ind.App., 359 N.E.2d 550.

■ It has been said that speed alone will not sustain a finding of wanton misconduct. But the speed of a vehicle which results in an injury or death does not occur in a vacuum, and excessive speed in connection with all the surrounding circumstances may sustain a finding. *Clouse v. Peden, supra.*

■ The question we face, however, is whether under the evidence before us no reasonable person could have failed to find Coffelt liable. Resolution is extremely close. It is undisputed that Coffelt was speeding down a two-lane highway at night, and was indeed racing with another car.

On the other hand the evidence favoring Coffelt disclosed that prior to the collision there had been no other acts of "recklessness" or "close calls." There was no evidence that he was familiar with the "dip" in the road that obscured his vision of the vehicle struck, or that he met any traffic on the road prior to the collision. There was evidence that because of the "dip" it was not possible for Coffelt to avoid the crash once the car he struck (which was attempting a left turn across the highway) became actually visible. The evidence of his speed came through the opinion of a reconstruction expert and may not have been wholly credited by the court. The guest passenger died of the crash injuries and there was no other evidence of any remonstrance against the manner in which Coffelt was driving. Indeed, Coffelt had no memory of the events at the time of and immediately preceding the crash. We have no knowledge what the court may have concluded from the demeanor of the witnesses.

Looking solely at the printed record, we might have reached a different decision as

trier of fact. We are unable to say, however, that upon the evidence no reasonable man could have failed to find that Coffelt's speeding under the circumstances not only established negligence, but conclusively established the necessary high probability of injury and Coffelt's intentional or conscious disregard of it.

We therefore affirm.

STATON, J., and CHIPMAN, P. J. (sitting by designation), concur.