William F. ANDERT et al., Respondents-Appellants,

v.

Richard H. FUCHS, Petitioner-Appellee.

No. 979S261.

Supreme Court of Indiana.

Sept. 25, 1979.

George P. Roberts, South Bend, for respondents-appellants.

John J. Lorber, May, Searer, Oberfell & Helling, South Bend, for petitioner-appellee.

## ON PETITION TO TRANSFER

PRENTICE, Justice.

This case is before us upon the petition of Defendant (Appellee) to transfer the cause from the Court of Appeals, Third District, the decision and opinion of that Court being published at 381 N.E.2d 1081.

Plaintiffs (Appellants), William and Cynthia Andert (husband and wife), brought an action against the defendant alleging that he was guilty of wanton or wilful misconduct in operating a pickup truck in which the plaintiff, William Andert, was a passenger, and that, as a result of such misconduct, Andert sustained personal injuries in a vehicular accident. Trial before a jury commenced. At the conclusion of Plaintiffs' case-in-chief, the trial court granted Defendant's motion for judgment on the evidence under Indiana Rules of Procedure, Trial Rule 50(A)(1).

On appeal, the Court of Appeals reversed, holding that the evidence most favorable to the Plaintiffs established a question of fact for the jury to determine whether William Andert's injuries resulted from Defendant's wanton or wilful misconduct, within the meaning of the Indiana Guests Statute, Ind. Code 1971, § 9–3–3–1, Ind.Ann.Stat. § 47–1021 (Burns Code Ed.), which is as follows:

"Guest of owner or operator—Right to Damages.—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported

without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

The decision of the Court of Appeals, however, contravenes a ruling precedent of this Court, i. e., *McCague v. N.Y.C. & St. L. R. Co.*, (1947) 225 Ind. 83, 71 N.E.2d 569. Accordingly, Defendant's petition to transfer is now granted, and the decision and opinion of the Court of Appeals, Third District, are hereby vacated.

The evidence presented, when viewed most favorably to the plaintiffs, was as follows:

Plaintiff, William Andert, Defendant and several co-workers had been drinking hard liquor and beer for several hours at a tavern. Andert, the defendant and a companion, Thompson, left the tavern and decided to drive to another town to continue their party. They departed in Defendant's pickup truck at about 7:00 p. m., with the defendant driving.

At that time of the evening, snow was falling, with about two inches of snow on the ground. The roads were icy, slick and wet. Defendant was traveling south on U.S. 31, driving at approximately 30 miles per hour in a 55 mile per hour zone. He obeyed all traffic signs and stop lights. His vehicle was not weaving in and out of the traffic lane. Andert and Thompson made no complaints about his driving and supplied no warnings.

Defendant turned into the passing lane in order to pass another vehicle. At some point, possibly while he was shifting from second to third gear, his truck "took off" to the left and its rear end slid on the road. Fuchs testified that his truck slid against the snow-covered median strip. He testified that he lost control and the truck slid into the northbound lanes of oncoming traffic.

Meanwhile, Bernice Carney was traveling north at about 45 miles per hour. She noticed the pickup truck, which was turning in front of her. She applied her brakes but was unable to prevent the ensuing collision.

The accident occurred at approximately 7:30 p. m. James Harper, a State Police Officer, found both the pickup truck and the car situated in the northbound lanes, facing east. Officer Harper testified that Fuchs stated he had been drinking and wasn't sure how the accident had happened. Defendant was described as staggering and incoherent; he was unable to gather his thoughts. The officer testified that he thought Defendant was under the influence of intoxicants. There was other testimony that the defendant was not intoxicated, but for purposes of this review, we must assume that he was.

"To hold one guilty of 'wilful' or 'wanton' conduct, it must be shown that he was conscious of his conduct and with knowledge of existing conditions that injury would probably result, and with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries." *Bedwell v. DeBolt*, (1943) 221 Ind. 600, 607, 50 N.E.2d 875, 878.

" * * * We concur in the fact that to constitute 'wilful or wanton misconduct' there must be a 'perverse motive,' in that the misconduct must be conscious and intentional and of such a nature that under the known existing conditions injury will probably result therefrom." *Sausaman v. Leininger*, (1957) 237 Ind. 508, 514, 146 N.E.2d 414, 418.

The above was quoted with approval in *Reynolds, Admtrx. etc. v. Langford*, (1961) 241 Ind. 431, 172 N.E.2d 867, wherein we held that the trial court properly directed a verdict in favor of the host-driver defendant, upon evidence that he operated his automobile at a speed of from 50 to 60 miles per hour on a "blacktop" surfaced street in a "drizzling rain" and entered a clearly visible and well marked intersection, without stopping, into the path of an oncoming vehicle traveling upon the preferential highway.

■ The gravamen of an actionable guest act case, that distinguishes it from actions not under its purview, is the mental attitude of the host driver, when the misconduct occurs. Such attitude with respect to both his driving and his guest must have been one adverse to the welfare of the guest. *Clouse, etc. v. Peden,* (1962) 243 Ind. 390, 186 N.E.2d 1.

In *Tuttle v. Reid et al.,* (1966) 247 Ind. 375, 216 N.E.2d 34, the evidence was that the defendant host was exceeding the speed limit by ten miles per hour, laughing and talking with her guests, and failed to observe a "stop" sign and another vehicle approaching the intersection, on the preferential street, thereby causing the collision. We held that there was a "total lack of evidence as to any *mental attitude on the part of the driver which was adverse to the welfare of the guest or which might be considered as a 'perverse motive'* in that the misconduct was conscious and intentional, and that the driver under the known circumstances knew that injury would probably result therefrom." (Emphasis ours) 247 Ind. at 380, 216 N.E.2d at 36.

In *Hubble, Admr. v. Brown,* (1949) 227 Ind. 202, 84 N.E.2d 891, we said that "where the driver's intoxication is combined with the operation of the vehicle at a high and excessive rate of speed, or weaving from one side of the road to the other, or other dangerous conduct, the combination is sufficient to warrant the conclusion of gross negligence or *wilful or wanton misconduct,*" but we indicated that intoxication of itself was not sufficient. (Emphasis added) We there reversed the decision of the trial court, which had directed a verdict for the defendant, saying: "The evidence in the case before us was abundant to establish such combination."

In *Brown v. Saucerman,* (1957) 237 Ind. 598, 145 N.E.2d 898, it was shown that the defendant had been operating the vehicle at a highly excessive rate of speed when the accident occurred. We there held that the mere failure of the defendant to apprehend the danger of the excessive speed under the circumstances did not render him guilty of wanton or wilful misconduct, and that "To have been guilty of wanton or wilful misconduct appellant must have intentionally proceeded into the curve *with reckless indifference to the consequences, knowing that a condition existed from which, because of his conduct, an injury to his guests would probably result.*" (Emphasis added)

The use of the word "probably" as in *Brown v. Saucerman* and other cases, was qualified in *Clouse, etc. v. Peden, supra,*

"However, we cannot limit the application of the guest statute [47–1021, supra] to those circumstances where collision and injury are, in fact, more probable than improbable. Rather, the term 'probable injury,' as used in the cases defining wanton or wilful misconduct, must be considered to have reference to situations where there is a very real and present likelihood of injury under circumstances where the misconduct of the operator of the vehicle would be the proximate cause of the injury." 243 Ind. at 398–399, 186 N.E.2d at 4.

■ Under the foregoing cited cases, it was incumbent upon the plaintiff to produce substantial evidence of probative value that the defendant consciously and intentionally, with a perverse motive, or reckless indifference as to the consequences, operated his vehicle improperly under known existing conditions.

■ Without question driving in a state of intoxication upon snow covered roads, when increased care is required, is negligence. But is it wanton or wilful misconduct, as those terms have been heretofore defined by this Court? We think not, for the reason that the mental attitude of perverseness or conscious indifference are not reasonably inferable therefrom. Intoxication, combined with evidence of other misconduct, such as speeding, driving on the wrong side of the road or violating other traffic regulations, heightens the inference of wilfulness or wantonness that may be drawn from such circumstances, but here there was no such evidence. To the contrary all of the evidence was that, notwithstanding some undisclosed degree of intoxi-

cation, the defendant was driving the vehicle with reasonable care under the circumstances. He was driving only thirty miles per hour on a four lane divided highway in a fifty-five mile per hour speed zone. He had obeyed all traffic signs and lights, was not weaving in and out of traffic lanes, and neither of his passengers had felt or expressed any apprehension. The accident occurred when the vehicle unexplainably went out of control, as he attempted to pass a slower moving vehicle, and struck an oncoming vehicle traveling at a speed of forty-five miles per hour.

To hold that the trial judge erred in rendering a judgment for the defendant upon the plaintiffs' evidence in this case, is to hold that operating an automobile while in a state of intoxication, upon roads made hazardous by weather conditions, standing alone, gives rise to a reasonable inference that the operator knows that such conduct creates a situation where there is a very real and present likelihood that an injury to his guest will result therefrom and that he, nevertheless, intentionally proceeds with reckless indifference to such consequences. To employ such a minimal standard, would contravene the ruling of *McCague v. N.Y.C. & St. L. R. Co., supra,* and other prior decisions of this Court, so numerous and of such long standing as to require no citations, that hold that the party having the burden of proof must present substantial evidence of probative value, as distinguished from a mere scintilla of evidence, in order to support a judgment. "[S]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McCague v. N.Y.C. & St. L. R. Co., supra.*

We find no error. The judgment of the trial court is affirmed.

HUNTER and PIVARNIK, JJ., concur.

GIVAN, C. J., and DeBRULER, J., dissent.