Robert S. **WILLIAMS,**
**Appellant-Defendant,**

v.

Arlene **CRIST, Appellee-Plaintiff,**

Kenneth R. **Wright, King's Cove Association, and Cardinal Management Corp.,**
**Appellees-Defendants.**

No. 1185S443.

Supreme Court of Indiana.

Nov. 1, 1985.

Robert L. Hartley, Jr., Martin, Wade, Hartley & Hollingsworth, Indianapolis, for appellant-defendant.

Thomas J. Carroll, Soards & Carroll, Indianapolis, for appellee-plaintiff.

GIVAN, Chief Justice.

In the trial court a jury rendered a verdict in favor of appellee Crist and against appellant Robert Williams, finding appellant liable for injuries sustained by appellee Crist in an automobile accident in which Crist was a passenger in Williams' vehicle.

The Court of Appeals, 476 N.E.2d 538, reversed the trial court and remanded the case with instructions to enter a judgment in favor of Williams. We grant Crist's petition to transfer to this Court, set aside the decision of the Court of Appeals and affirm the decision of the trial court.

The facts are: On May 30, 1980, Williams and his date, Crist, joined another couple, Stohler and Kennedy. The two couples then drove around the Indianapolis area in Williams' vehicle. During the course of the evening, Williams consumed five (5) beers, a straight shot of bourbon and a mixed drink. After these drinks had been consumed, the couples decided to proceed to a party.

Williams drove along Ditch Road and then east onto King's Cove Court. One of the persons in the vehicle advised Williams that he should have turned west instead of east off of Ditch Road, whereupon Williams turned around and drove back toward Ditch Road; however, he did not stop at the intersection of Ditch Road and King's Cove, but drove at approximately thirty miles an hour into the path of a southbound vehicle on Ditch Road. The resulting collision caused injury to Crist which is the subject of this lawsuit.

The action is brought under the Indiana Guest Statute, Ind.Code § 9–3–3–1 (West 1979). It is necessary under the Guest Statute, in order for the guest to recover damages from the operator of the vehicle, for the operator to have been guilty of wanton or willful misconduct. Such was the finding of the jury in the trial court. However, the Court of Appeals, although correctly stating in the majority opinion that an appellate court will reverse only if there is an absence of evidence on an essential element of a plaintiff's claim, citing *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, nevertheless proceeded to weigh the evidence in this case. They found, contrary to the finding of the jury, that the evidence did not support the allegation of Williams' intoxication at the time of the accident.

■ It is true, as recited by the majority opinion, that Stohler and Kennedy, the other couple travelling with Williams at the time of the accident, testified that his driving ability was not impaired. There was

nevertheless ample evidence from which the jury could find that Williams' driving was in fact impaired. Not only was there evidence of the amount of intoxicating liquor consumed, as above set out, but there was lengthy testimony on Williams' part clearly demonstrating that he was in a state of confusion immediately prior to and immediately following the accident.

■ The evidence also clearly demonstrates that Williams was a well-educated, intelligent person, a fact from which the jury could deduce that his confusion just prior to and following the accident, and his conduct in failing to yield the right of way, were not due to mental disability, but due to some extraneous effect such as his consumption of alcohol. The Court of Appeals thus violated the cardinal principle which they set out in their opinion, and proceeded to weigh the evidence, thus usurping the prerogative of the trial jury.

■ We thus come to the second question decided by the Court of Appeals, that even if they would assume that Williams was intoxicated, that such evidence by itself is not sufficient to show wanton or willful misconduct within the meaning of the Guest Statute. They cite for their authority two Court of Appeals cases, *Roberts v. Chaney* (1984), Ind.App., 465 N.E.2d 1154 and *Keck v. Kerbs* (1979), 182 Ind. App. 530, 395 N.E.2d 845. They also cite *Andert v. Fuchs* (1979), 271 Ind. 627, 394 N.E.2d 931 (Givan, C.J., and DeBruler, J., dissenting), for the proposition that intoxication must be combined with some misconduct such as speeding or driving on the wrong side of the road or the violation of other traffic regulations to bring it within the willful or wanton conduct category.

To the extent that the above-cited cases may be interpreted as contrary to the holding herein, they are expressly overruled. Judge Ratliff, who dissented in the case at bar, also dissented in *Roberts, supra.* In that dissent, Judge Ratliff succinctly and correctly places the problem of the drunken driver in proper perspective. Although we may sympathize with the person who is an alcoholic and concede that such a condition can be a disease for which the victim is in need of treatment, such excuse cannot be made for that same person who willfully enters a motor vehicle in a state of intoxication. Certainly driving a motor vehicle is not an addiction. Although the person may be unable to refrain from consuming the alcohol, there is nothing about his alcoholic addiction or drug addiction, for that matter, that would cause him to have an irresistible urge to drive the automobile.

As Judge Ratliff points out, the drunken driver is a major source of property damage and personal injury in the United States today. The drunken driver kills more citizens each year than any other group of criminals. As Judge Ratliff notes, in 1980, approximately 26,300 persons were killed in the United States by drunken drivers. *Roberts, supra* at 1161 (Ratliff, J., dissenting). We heartily agree with the statement made by Judge Ratliff in his dissent in *Roberts* that "[d]riving a motor vehicle while intoxicated thereby endangering one's guest rider is wanton and willful misconduct *per se* and it is high time we said so." *Id.*

Probably because the consumption of alcoholic beverages is so widespread and generally accepted as a recreational pastime, legislators, juries and judges, both trial and appellate, have too often treated the problem in a cavalier manner. As Judge Ratliff says, it is high time we publicly state that the intoxicated driver is guilty of willful and wanton misconduct when he deliberately assumes control of an automobile and places it upon a public highway.

The trial court jury and judge weighed the evidence in this case and made their decision. There is ample evidence to support that decision. It is improper to overturn that decision by a reweighing of evidence at the appellate level.

The trial court is in all things affirmed.

PIVARNIK, J., concurs.

SHEPARD, J., concurs in result with separate opinion in which DeBRULER, J., concurs.

PRENTICE, J., dissents with separate opinion.

SHEPARD, Justice, concurring in result.

The evidence which tends to support the jury's verdict in this case is such that I regard it as adequate to meet the standard used in *Andert v. Fuchs* (1979), 271 Ind. 627, 394 N.E.2d 931. Thus, I do not see the need to announce a new standard and overrule prior precedent in order to affirm the judgment of the trial court.

Whether driver-defendant Robert Williams was intoxicated or not, I think the jury had adequate evidence before it to support its conclusion that his *behavior* was wanton and willful. Even if one chooses to accept Williams' argument that the passage of time and lack of personal knowledge explain his inability to recall much of what happened on the night of the collision, I think the jury was entitled to conclude that a driver who makes a wrong turn off a busy street into a private drive and chooses to correct his mistake by re-crossing the highway without stopping or looking, at a speed of thirty to thirty-five miles per hour, is a driver whose decision creates "a very real and present likelihood of injury under circumstances where the misconduct of the operator of the vehicle would be the proximate cause of the injury." *Clouse v. Peden* (1962), 243 Ind. 390, 398–399, 186 N.E.2d 1, 4.

The practice of our appellate courts has been to avoid overruling earlier case law "unless the overruling opinion is so inconsistent with earlier opinion that both cannot stand together." *Department of Treasury v. City of Linton* (1945), 223 Ind. 363, 372, 60 N.E.2d 948, 952. Inasmuch as I regard today's result as consistent with *Andert,* I would not take the step of overruling it.

DeBRULER, J., concurs.

PRENTICE, Justice, dissenting.

I believe the majority has lost sight of the issue in the case which is not whether or not drinking drivers present an undue hazzard in our society. Obviously they do. However, this is a matter for our legislature. The issue is whether or not there was evidence of "wanton or willful misconduct" which was the proximate cause of Plaintiff's injuries. Driving while under the influence of alcohol is, in my judgment wanton and willful but the undisputed evidence was that Williams' driving was unimpaired. I regard the verdict and the acceptance of transfer and affirmance by this Court as nothing less than a determination that the ingestion of alcohol and driving a motor vehicle shortly thereafter is conduct that society should not tolerate and that holding an offender liable in damages, without regard to a casual connection between the two, will serve as a deterrent. Neither do I have any quarrel with the establishing of such a policy. However, such is the exclusive prerogative of our legislature.

I vote to deny transfer upon the authority of *Andert v. Fuchs* (1979), 271 Ind. 627, 394 N.E.2d 931.