**Russell G. OBREMSKI, Plaintiff-Appellant,**

**v.**

**Charles D. HENDERSON, Defendant-Appellee.**

**No. 1–385A85.**

Court of Appeals of Indiana, First District.

Jan. 16, 1986.

Rehearing Denied Feb. 19, 1986.

---

S. Frank Mattox, New Albany, Jonathan R. Builta, Sansberry Dickmann Freeman & Builta, Anderson, for plaintiff-appellant.

George M. Streckfus, Wyatt, Tarrant, Combs & Orbison, New Albany, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Russell G. Obremski (Obremski), appeals a decision of the Floyd Circuit Court dismissing Count II of his complaint for personal property treble damages against Charles D. Henderson (Henderson).

We reverse.

## STATEMENT OF THE FACTS

Count I of Obremski's complaint alleged that a collision between his motor vehicle and one driven by Henderson resulted in damages to Obremski's vehicle. He alleged that the collision was the proximate result of Henderson's negligence and carelessness. Count II incorporated the allegations of Count I, and in addition thereto, alleged the extreme intoxication of Henderson. By reason of Henderson's intoxication, Obremski asserted that he was entitled to treble damages and attorney fees pursuant to IND.CODE 34–4–30–1, which provides for treble damages and attorney fees for damages caused by criminal mischief, defined in IND.CODE 35–43–1–2(a)(1). The trial court, under Ind. Rules of Procedure, Trial Rule 12(B)(6), granted Henderson's Motion to Dismiss Count II. From that ruling this appeal was taken.

## ISSUES

The issues, as stated by Obremski, are as follows:

I. Whether the trial court erred in dismissing Count II of the plaintiff's complaint for failure to state a claim upon which relief can be granted.

II. Whether proof of a driver's intoxication at the time of an automobile collision allows the trier of fact in a civil action to infer that such driver was acting "recklessly" within the meaning of IND.CODE 35–41–2–2.

Since the issues are the same, we will discuss them together.

## DISCUSSION AND DECISION

Numerous statutes of the civil code, the criminal code and the motor vehicle code are involved here, and their interpretation is dispositive of the case. We shall, at the onset, set them out.

IND.CODE 34-4-30-1 and 2 provide, respectively, as follows:

"If a person suffers a pecuniary loss as a result of a violation of IC 35-43, he may bring a civil action against the person who caused the loss for:

(1) An amount not to exceed three (3) times his actual damages;

(2) The costs of the action; and

(3) A reasonable attorney's fee."

"It is not a defense to an action for punitive damages that the defendant is subject to criminal prosecution for the act or omission that gave rise to the civil action. However, a person may not recover both:

(1) Punitive damages; and

(2) The amounts provided for under section 1(34-4-30-1) of this chapter."

IND.CODE 35-43 enumerates the offenses for which treble damages may be recovered under IND.CODE 34-4-30-1. The offenses include arson, criminal mischief, burglary, trespass, have related offenses, theft, conversion, receiving stolen property and various deceptions, including forgery and fraud. Of interest to us here is IND.CODE 35-43-1-2(a)(1), criminal mischief. That section states:

"(a) A person who:

(1) *Recklessly,* knowingly, or intentionally damages property of another without his consent;

\*   \*   \*   \*   \*   \*

commits criminal mischief, a Class B misdemeanor." (Emphasis added.)

The criminal code, IND.CODE 35-41-2-2(c) defines "recklessly" as follows:

"A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct."

Also relevant to inquiry here, and as relied upon by counsel, is IND.CODE 9-4-1-54.5 and IND.CODE 9-4-1-56.1 of the motor vehicle code. Respectively, they state:

"(a) For a person who *uses a motor vehicle to commit recklessness* under IC 35-42-2-2, the judge of the court in which that person is convicted shall recommend that the current driving license of that person be suspended for not less than sixty (60) days nor more than two (2) years.

(b) For a person *who uses a motor vehicle to commit criminal mischief* under IC 35-43-1-2, the judge of the court in which that person is convicted may recommend that the current driving license of that person be suspended for not less than sixty (60) days nor more than two (2) years." (Emphasis added.)

"A person *operating a vehicle who recklessly:*

(1) Drives at such an unreasonably high rate of speed, or at such an unreasonably low rate of speed, under the circumstances, as to endanger the safety or the property of others, or as to block the proper flow of traffic;

(2) Passes another vehicle from the rear while on a slope or on a curve where vision is obstructed for a distance of less than five hundred feet (500') ahead;

(3) Drives in and out of a line of traffic, except as otherwise permitted, or

(4) Speeds up or refuses to give one half (½) of the roadway to a driver overtaking and desiring to pass;

commits a class B misdemeanor; and, if the offense results in damage to the property of another person, the court shall recommend the suspension of the current driving license of the person for a fixed period of not less than thirty (30) days nor more than one year." (Emphasis added.)

It is significant that 9-4-1-54.5(b) contemplates that criminal mischief can be committed by the use of a motor vehicle. Criminal recklessness, under IND.CODE 35-42-2-2 may also be committed by the use of a motor vehicle. That section reads as follows:

"(a) A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a class B misdemeanor. However, the offense is a:

(1) *Class A misdemeanor if the conduct includes the use of a vehicle;* or

(2) Class D felony if it is committed while armed with a deadly weapon.

(b) A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a class D felony. However, the offense is a class C felony if committed by means of a deadly weapon." (Emphasis added.)

█ It is settled that an actual criminal conviction of an IND.CODE 35-43 offense is not a condition precedent to maintaining an action to recover treble damages under IND.CODE 34-4-30-1. *American Leasing, Inc. v. Maple* (1980), Ind.App., 406 N.E.2d 333; *Campins v. Capels* (1984), Ind.App., 461 N.E.2d 712. It is also settled that the claim may be proven by a preponderance of the evidence. *Campins v. Capels, supra.*[1]

█ Obremski, after citing the above authorities, develops the following argument: IND.CODE 34-4-30-1 permits recovery of treble damages for commission of IND. CODE 35-43 offenses. Included therein is IND.CODE 35-43-1-2, criminal mischief, which creates an offense when "(a) a person ... (1) *Recklessly,* knowingly, or intentionally damages property of another person...." (Emphasis added.) IND.CODE 9-4-1-54.5(a) and (b) contemplates that criminal mischief can be committed by the use of a motor vehicle. (Even in the 1985 amendment to IND.CODE 35-43-1-2(a)(2)(A)(ii) motor vehicles are specifically included.) Driving a motor vehicle while intoxicated constitutes recklessness. *Williams v. Crist* (1985), Ind., 484 N.E.2d 576, (handdown November 1, 1985). Therefore, he concludes that he is entitled to treble damages and attorney fees under IND. CODE 34-4-30-1.

The *Williams* case addressed the question of whether driving while intoxicated was willful and wanton misconduct under the guest statute, IND.CODE 9-3-3-1. Prior authorities, *Roberts v. Chaney* (1984), Ind.App., 465 N.E.2d 1154; *Andert v. Fuchs* (1979), 271 Ind. 627, 394 N.E.2d 931; *Keck v. Kerbs* (1979), 182 Ind.App. 530, 395 N.E.2d 845, held that before intoxication could be characterized as wanton and willful conduct as related to the guest statute, it must be accompanied with some other misconduct, e.g. speeding, driving on the wrong side of the road, or the violation of other traffic regulations. In *Williams* the court said:

"We heartily agree with the statement made by Judge Ratliff in his dissent in *Roberts* that '[d]riving a motor vehicle while intoxicated thereby endangering one's guest rider is wanton and willful misconduct *per se* and it is high time we said so.'"

*Roberts, Keck* and *Andert* were overruled to the extent that they were contrary to *Williams.*

Under the cases, wanton and willful misconduct, while variously stated, generally consists of a conscience and intentional act or omission of a duty, with reckless indifference to the consequences, which show that the actor has knowledge of the existing conditions and that injury will probably result. *Frybarger v. Coffelt* (1979), 180 Ind.App. 160, 387 N.E.2d 104. For our purposes here we find no differences between the definition of wanton and willful as stated in the cases, and recklessness as defined by the criminal code, IND.CODE 35-41-2-2(c). Any difference is merely one of semantics. If driving while intoxicated is willful and wanton per se, it is also reckless per se.

**1.** Although *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind., 486 N.E.2d 1019, and *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349 may require a greater burden of proof at trial, we need not be concerned with such when entertaining the propriety of a dismissal under Ind. Rules of Procedure, Trial Rule 12(B)(6).

Henderson's argument counters the above authorities as follows. First, he seems to claim that in order for Obremski's complaint to withstand a T.R. 12(B)(6) motion it must allege knowing and intentional misconduct. We disagree. IND.CODE 35-43-1-2(a)(1) reads *"recklessly,* knowingly, *or* intentionally" in the disjunctive. Therefore pleading and proving recklessness would be sufficient to prove an offense under IND.CODE 35-43-1-2. A complaint is not subject to a dismissal unless it appears to a certainty that the plaintiff would not be entitled to recover under any set of facts. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604. Here Obremski pleaded IND.CODE 34-4-30-1 and IND.CODE 35-43-1-2, extreme intoxication, and asked for treble damages. Such is sufficient to withstand a T.R. 12(B)(6) motion.

Second, Henderson argues that IND. CODE 9-4-1-56.1 of the motor vehicle code exclusively enumerates the four specific instances of conduct which can amount to reckless driving. Since intoxication is not among them, it falls without the definition of recklessness for the purposes here, and therefore can not constitute the reckless operation of a motor vehicle.

His argument completely ignores IND. CODE 9-4-1-54.5(b) which contemplates the commission of criminal mischief by the use of an automobile. Since the definition of recklessness for purposes of the criminal code and for prosecutions under IND. CODE 35-43 is IND.CODE 35-41-2-2(c) of the criminal code, it governs convictions under IND.CODE 35-43, which is the gravamen of a cause of action under IND. CODE 34-4-30-1.

We are aware that *Williams v. Crist, supra,* was decided by a deeply divided court. The plurality opinion, written by Justice Givan, in which Justice Pivarnik concurred, stated that driving while intoxicated was willful and wanton misconduct per se for purposes of the guest statute. However, a concurring opinion written by Justice Shepard in which Justice Debruler concurred, agreed with the result, but upon

other evidence, and would not overrule *Andert, Roberts* and *Keck.* Justice Prentice dissented on the result as well as on the overruling of *Andert, Roberts* and *Keck.* As argued by Henderson, the precedental value of *Williams* may be subject to question. Nevertheless, we agree with the statements expressed by the plurality opinion of Justice Givan, and until there is a contrary manifestation we shall apply it.

We are also aware of the consequences of a decision which recognizes an action for treble damages and attorney fees for damages resulting from reckless driving or driving while intoxicated. As a result, every complaint alleging such henceforth will contain a claim for treble damages under IND.CODE 34-4-30-1, and the pressure for punitive damages will escalate. We believe, however, that the result we have reached is an inescapable result of the statutes and of *Williams.*

For the above reasons, this cause is reversed and the trial court is directed to overrule Henderson's Motion to Dismiss, and reinstate Count II of Obremski's complaint.

Judgment reversed.

ROBERTSON, P.J., concurs.

RATLIFF, J., concurs with opinion.

RATLIFF, Judge, concurring.

Although I concur in the majority opinion, I do not agree with the statement in footnote 1 on page 830 of the slip opinion that *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind. 486 N.E.2d 1019 and *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349 may require a greater burden of proof at trial. Those cases dealt with claims for punitive damages and held the proof must be clear and convincing. Here we are concerned with a treble damage claim pursuant to statute. If the statutory prerequisites are established, treble damages and attorney fees are appropriate under Indiana Code section 34-4-30-1. Proof of the prerequisite need be only by a preponderance of the evidence. *Campins v. Capels* (1984), Ind.App., 461

N.E.2d 712, *trans. denied; James v. Brink & Erb, Inc.* (1983), Ind.App., 452 N.E.2d 414. I do not believe these cases are overruled by *Orkin* and *Armstrong,* and I am unwilling to extend the clear and convincing standard required on punitive damage cases by *Orkin* and *Armstrong* to the statutory entitlement to treble damages under Ind.Code sec. 34–4–30–1.

I also acknowledge that there is no majority opinion in *Williams v. Crist* (1985), Ind., 484 N.E.2d 576. However, I wholeheartedly agree that driving while intoxicated is willful and wanton misconduct *per se. Roberts v. Chaney* (1984), Ind.App., 465 N.E.2d 1154 (dissenting opinion of Ratliff, J.), and concur in the majority opinion here on that point.

Except for my disagreement with footnote 1, I concur in the majority opinion.