Russell G. OBREMSKI, Appellant
(Plaintiff Below),

v.

Charles D. HENDERSON, Appellee
(Defendant Below).

No. 22S01–8609–CV–828.

Supreme Court of Indiana.

Sept. 19, 1986.

Dissenting Opinion Sept. 22, 1986.

S. Frank Mattox, New Albany, Jonathan R. Builta, Sansberry, Dickmann, Freeman & Builta, Anderson, for appellant.

George M. Streckfus, Wyatt, Tarrant, Combs & Orbison, New Albany, for appellee.

William F. Harvey, Indianapolis, Robert C. Beasley, Beasley, Gilkison, Retherford, Buckles & Clark, Muncie, for the Indiana Trial Lawyers Association, amicus curiae.

SHEPARD, Justice.

The question is whether a civil complaint which alleges that the defendant drove his

vehicle recklessly while intoxicated adequately states a claim for treble damages under Ind. Code § 34-4-30-1. We hold that it does.

Plaintiff Russell Obremski filed a complaint in two counts subsequent to an auto collision with defendant Charles Henderson. The first count alleged that the collision was caused solely by the defendant's careless and negligent operation of his vehicle and sought damages for the estimated cost of repairs. The second count incorporated these allegations, added a claim that the defendant had been driving while very intoxicated, and sought treble damages and attorney fees for the defendant's "criminal mischief."

The trial court granted defendant's motion to dismiss count two and certified the question of law as final under Rule 54(B), Ind. Rules of Trial Procedure. The Court of Appeals reversed, holding that the complaint was sufficient to state a claim. *Obremski v. Henderson* (1986), Ind.App., 487 N.E.2d 827. We conclude that the Court of Appeals was correct and that the importance of this question to pending litigation suggests that we should grant transfer to so hold. Our consideration of this appeal has been aided by excellent briefs provided by the parties and by *amicus curiae.*

The legislature has made special provision for civil actions by those who have been the victim of certain crimes, Ind. Code § 34-4-30-1 (Burns 1985 Supp.), which reads:

If a person suffers a pecuniary loss as a result of a violation of IC 35-43, he may bring a civil action against the person who caused the loss for:

(1) An amount not to exceed three (3) times his actual damages;

(2) The costs of the action; and

(3) A reasonable attorney's fee.

Among the offenses that fall into this category is criminal mischief, a crime which is committed when a person who "recklessly, knowingly, or intentionally damages property of another without his consent." Ind. Code § 35-43-1-2(a)(1) (Burns 1985 Repl.).

The Code further defines each of the types of culpability, including "recklessly," which is defined as follows: "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c) (Burns 1985 Repl.).

That dismissal under Trial Rule 12(B)(6) is rarely appropriate was made clear by the comments of the Civil Code Study Commission, which said: "the motion to dismiss usually will be sustained only when it is clear that under no conditions can the plaintiff recover, as would occur in a case in which the statute of limitations has run." 1 Harvey, Ind. Practice 601 (1969). Because the rules of notice pleading do not require that the complaint recite in detail all the facts upon which the claim is based, dismissal is improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604; *Evansville-Vanderburgh School Corporation v. Roberts* (1984), Ind. App., 464 N.E.2d 1315. Thus, the question briefly put is: can an intoxicated driver whose deficient driving causes a collision be held liable for treble damages and attorney fees? The answer is yes.

To sustain liability, a plaintiff must establish that the defendant's behavior fell below some established norm and that this behavior was the proximate cause of the damage which occurred. A driver whose behavior on the road meets every standard of conduct, who observes the speed limit, stays in his lane, turns properly, and so on, is not liable for damages because nothing in his behavior has been the proximate cause of the collision. Intoxication by itself does not change his behavior to one which "caused" the collision. Similarly, a driver whose acts suggest only negligence is not "reckless." *DeVaney v. State* (1972), 259 Ind. 483, 288 N.E.2d 732. On the other hand, a drunk driver who crosses the center lane and strikes another

car could well be found by a jury to have acted "in plain, conscious, and unjustifiable disregard of harm that might result." A majority of the Court has concluded that such behavior by a drunk driver would constitute "wanton and will full" misconduct. *Williams v. Crist* (1985), Ind., 484 N.E.2d 576. As the parties point out, "wanton and willful" and "reckless" seem to imply the same disregard for the safety of others.

In reaching this conclusion, the jury would be called upon to examine the whole of the defendant's behavior. It would examine the acts of driving which were alleged to have been the proximate cause of the collision and would be entitled to consider his decision to drive a car on a public highway while in an intoxicated state. This decision certainly "involves a substantial deviation from acceptable standards of conduct."

█ A complaint which alleges that the defendant drove his car while intoxicated in a manner which was reckless, knowing, or intentional adequately states a claim under Ind. Code § 34–4–30–1. It is entirely possible that specific facts offered as proof of these allegations would sustain a judgment; thus, dismissal under Trial Rule 12(B)(6) was improper.

█ As Judge Ratliff pointed out in his concurring opinion, it is also true that a plaintiff need not establish his right to recover treble damages by clear and convincing evidence. The appropriate standard is preponderance of the evidence. *James v. Brink & Erb, Inc.* (1983), Ind. App., 452 N.E.2d 414. Our appellate courts have understood the legislature to intend that the trebling of actual damages under Ind.Code § 34–4–30–1 is mandatory. *McMahon Food Company v. Call* (1980), Ind.App., 406 N.E.2d 1206. A recovery of treble damages under this section is regarded as distinct from recovery of common law punitive damages. Ind. Code § 34–4–30–2.

Accordingly, the judgment of the trial court is reversed. This cause is remanded with instructions to deny Henderson's motion to dismiss and reinstate count two of Obremski's complaint.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

IND.CODE 34–4–30–1 permits recovery of treble damages and attorney fees for pecuniary loss occuring as a result of the offenses against property contained in IND.CODE 35–43. Included therein is IND.CODE 35–43–1–2(a)(1), criminal mischief, a class B misdemeanor, which creates an offense when "(a) person recklessly, knowingly, or intentionally damages property of another person without his consent ..." To paraphrase the essential question posed by this case as stated in the majority opinion: is a prima facie case of criminal mischief made out by proof that a collision and property damage was caused by the deficient driving of an intoxicated driver? Judge Leist answered this question in the negative, and I have reached the same result after study of these several related statutes.

The conclusion which I have reached, namely that the criminal mischief statute was not meant to secure life and property from loss occasioned by the deficient driving of intoxicated drivers is not the product of any single decisive factor, but instead is based upon the sum of a cluster of contributing factors. Among those factors are the following ones.

1. The element of criminal mischief, namely "without..consent" has no rational relationship to common circumstances in which two drivers find themselves when upon a public highway.

2. The legislature has chosen to refine the culpability and conduct bases for the criminal liability of intoxicated drivers and reckless drivers in IND.CODE 9–11 and 35–42.

3. The penalty for simply driving while intoxicated provided for in IND.CODE

9–11 is greater than the penalty provided for in the criminal mischief statute.

4. The state of mind element for the offense of criminal mischief is a greater and more difficult burden upon the prosecution than the one required in order to convict for the more serious offense driving while intoxicated.

5. One target of the treble damage and attorney fee statute is to create and stimulate a realistic system through which the victims of offenses against property can recover their losses. Such losses were not recoverable because they were not covered by insurance or were too small to support a lawsuit. Losses occasioned by the intoxicated driver are not within this target as there is a successful system in place mandated by law for recovery of such losses.

6. Mischievous injury to property is a minor crime which has been around for a very long time and is commonly applied in situations involving a breach of the peace as where rocks are thrown through windows, mail boxes knocked over, gravestones are overturned, and the like. Drunken driving, while a serious offense warranting a severe sanction, does not ordinarily partake of this quality.

The conclusions that appear clearly correct to me here are that the person who drives a car while impaired by alcohol and drives in a deficient manner which causes damage to property or worse, is guilty of several crimes, but one of them is not criminal mischief and consequently the owner of such property has no right to recover treble damages and attorney fees pursuant to the statute. In my view, if the legislature desires to have the result sanctioned in the majority opinion, it should do so in a clear and direct manner.