**AMERICAR LEASING, INC., Plaintiff-Appellant,**

v.

**Frank S. MAPLE, Defendant-Appellee.**

**No. 2–579A136.**

Court of Appeals of Indiana, Second District.

June 30, 1980.

---

Fred G. Osborn, Kokomo, for plaintiff-appellant.

James R. Fleming, Kokomo, for defendant-appellee.

SHIELDS, Justice.

On August 4, 1978, Appellee Frank S. Maple presented to Robert Dresch, general manager of Appellant Americar Leasing, Inc., a check payable to Americar in the amount of $8,313.13 drawn upon the First National Bank, Valparaiso-Portage-Hebron-Chesterton-Lake of the Four Seasons, Indiana, as payment in full for Maple's account with Americar. The check was deposited in Americar's account. Americar was thereafter notified by its own bank that Maple's check had been dishonored by his bank. Subsequently, on August 28, 1978, by ordinary mail addressed to Maple at the address indicated on his check, Americar notified Maple of his bank's refusal to honor his check and demanded payment. On August 29, 1978 Americar received possession of the check which was marked "Account Closed." As Maple did not come forth with the money, Americar filed suit on the check on August 31, 1978.

In its complaint Americar alleged facts entitling it to treble damages pursuant to IC 34–4–30–1 (Burns Code Ed.):

> "Damages for property loss caused by criminal act.—If a person suffers a pecuniary loss as a result of a violation of IC 35–43[35–43–1–1—35–43–5–5] he may bring a civil action against the person who caused the loss for:
>
> (1) An amount equal to three [3] times his actual damages;
>
> (2) The costs of the action; and
>
> (3) A reasonable attorney's fee."

Summons was issued and service obtained on September 9, 1978. On November 1, 1978 the trial court entered default judgment in Americar's favor for $24,939.39 treble damages and $2,078.28 attorney's fees, for a total judgment of $27,017.67. The treble damages and attorney fees were granted pursuant to the statute.

Maple, on December 29, 1978, filed a motion to correct errors which was sustained on February 9, 1979. The trial court set aside its original judgment and entered a new judgment for Americar in the amount of $8,313.13. In the trial court's "discussion" which it incorporated in its new order

it set out two reasons for its modification of judgment. First, it indicated it was unclear whether a conviction was required in order to invoke the sanctions of IC 34–4–30–1. Second, the trial court reasoned Americar had not suffered a pecuniary loss as required by the statute.

We reverse.

 In construing a statute, it is our duty to give effect to the plain meaning of the language used. *State ex rel. Bynum v. LaPorte Superior Court, No. 1,* (1973) 259 Ind. 647, 291 N.E.2d 355. A conviction is not necessary to come within the ambit of IC 34–4–30–1. If the legislature intended a "conviction" as a condition precedent, it would have so stated. Instead, it used the word "violation."

That a violation is not the equivalent of a conviction can be readily seen from our treatment of statutory violations in the area of negligence *per se.* In Indiana a non-excused or non-justified *violation* of a duty prescribed by statute or ordinance is negligence *per se. Ray v. Goldsmith,* (1980) Ind.App., 400 N.E.2d 176, *Pet. for Reh. pend.* For a plaintiff to receive the benefit of this doctrine, proof of facts constituting a violation of the statute or ordinance is required. A prior conviction or judgment for the violation is not required.

Further, Indiana follows, with some exceptions,[1] " . . . the traditional rule that a judgment of conviction in a criminal prosecution is not admissible in a civil case, as evidence of the facts upon which it was based." (citations omitted). *Brooks v. State,* (1973) 259 Ind. 678, 291 N.E.2d 559. We presume the legislature would not enact a statute requiring proof of a conviction in view of the current law of evidence which precludes the introduction of criminal judgments in a subsequent civil suit as evidence of the facts upon which it is based.

The trial court's second proffered reason for modification of judgment is also incorrect. While the trial court is correct in stating a pecuniary loss is required before imposing the sanctions of IC 34–4–30–1, we disagree with its finding Americar did not suffer pecuniary loss. A pecuniary loss has been described as a "loss of money, or of something by which money, or something of money value may be acquired." 54 C.J.S. Loss p. 800 (1948). Americar had Maple's check—something by which money may be acquired. When the check was returned, account closed, Americar was denied the money represented by the check. Stated otherwise, Americar suffered a pecuniary loss.

Judgment reversed with instructions to the trial court to re-enter its original judgment in the total amount of $27,017.67.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. *See e.g. Dimmick v. Follis,* (1953) 123 Ind. App. 701, 111 N.E.2d 486 (allows the introduction of a criminal conviction in a subsequent civil suit if the defendant has pled guilty to the crime; however, the conviction is not admitted as a judgment but rather as a deliberate declaration or admission against interest).