**Michael L. JAMES, Appellant (Defendant Below),**

v.

**BRINK & ERB, INC., an Indiana Corporation, Appellee (Plaintiff Below).**

No. 3–1182A322.

Court of Appeals of Indiana, Third District.

Aug. 15, 1983.

Ralph R. Blume, Blume, Wyneken, Bullman & Connelly, Paul F. Nieter, Andrew Goeglein, Fort Wayne, for appellant.

Alan VerPlanck, Barrett, Barrett & McNagny, Fort Wayne, for appellee.

STATON, Judge.

Brink & Erb, Inc. (Brink) sued Michael James (James), a former employee, alleging that James failed to account to Brink for funds which he accepted on Brink's behalf. Pursuant to IC 1976, 34–4–30–1 (Burns Code Ed., 1982 Supp.), the trial court awarded Brink three times the actual damages plus $4,000.00 in attorney fees. Brink was also awarded $2,000.00 representing commissions which it had paid to James on the funds which he had not delivered to Brink. James appeals, raising the following issues:[1]

(1) Whether the trial court applied the correct standard of proof in determining that James violated IC 1976, 35–43–4–3 (Burns Code Ed., 1979 Repl.);

(2) Whether the evidence supports the trial court's determination; and

(3) Whether the award of $2,000.00 for commissions paid to James was based

---

1. The issues have been consolidated.

on a theory which was not properly before the trial court.

Affirmed.

James was employed as a salesman for Brink, a corporation which sells medical and surgical supplies, from 1966 until 1980. James's duties included fitting orthopedic devices and selling merchandise. When a customer purchased an item from Brink, the salesperson filled out an invoice for that item. When the customer paid for the item, the invoice was marked "paid", dated and initialed or signed by the salesperson. Cash payments were rung up on the cash register, which stamped one copy of the invoice. A number of invoices for sales made by James were not stamped by the cash register, and the amounts of the sales were not rung up on the register. On several occasions, Brink's other employees saw James put into his pockets cash which he received from customers.

## I.

### Burden of Proof

■ Brink received treble damages and attorney fees under IC 34–4–30–1, which provides:

"Damages for property loss caused by criminal act.—If a person suffers a pecuniary loss as a result of a violation of IC 35–43 [35–43–1–1—35–43–5–5] he may bring a civil action against the person who caused the loss for:

"(1) An amount equal to three [3] times his actual damages;

"(2) The costs of the action; and

"(3) A reasonable attorney's fee."

---

**2.** IC 35–43–4–3 provides:
  "Criminal conversion.—A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a class A misdemeanor."

**3.** A conviction under IC 35–43–1–1 *et seq.* is not a condition precedent to recovery under IC 34–4–30–1. *American Leasing, Inc. v. Maple* (1980), Ind.App., 406 N.E.2d 333. Furthermore, a suit filed pursuant to IC 34–4–30–1 is not a criminal prosecution instituted by the

James contends that, because the trial court found that his conduct violated IC 35–43–4–3 [2], a criminal statute, Brink should have been required to prove the violation "beyond a reasonable doubt" (Brief of Appellant, pp. 68–69) before damages could be assessed against James.

IC 34–4–30–1 provides that a person suffering a pecuniary loss "may bring a *civil action*." *Id.* (emphasis added). If the language used in a statute is clear and unambiguous, the plain meaning of the statute will be given effect. *Brighton v. Schoffstall* (1980), Ind.App., 401 N.E.2d 84, 86. In enacting IC 34–4–30–1, the legislature conferred a right to bring a civil action; therefore, the plaintiff bears the burden generally imposed in a civil case, that of proving his claim by a preponderance of the evidence. *Travelers Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 360–61. Thus, we decline James's invitation to impose a heavier burden of proof on Brink.[3]

## II.

### Sufficiency

■ In reviewing the sufficiency of the evidence in a civil case, we will neither weigh the evidence nor judge the credibility of witnesses. *Travis v. Hall* (1982), Ind. App., 431 N.E.2d 519. Viewing only the evidence most favorable to the judgment and the reasonable inferences which may be drawn therefrom, we will affirm that judgment if there is substantial evidence of probative value to support it. *City of Indianapolis v. Parker* (1981), Ind.App., 427 N.E.2d 456, 461. James first contends that Brink failed to prove that he violated IC 35–43–4–3 [4], by knowingly or intentionally

---

State and can not result in imprisonment of the defendant. *Cf.* IC 1976, 34–4–32–1 *et seq.* (Burns Code Ed., 1982 Supp.) (Violation of ordinance or infraction, which carries monetary penalty, must be proven by a preponderance of the evidence.)

**4.** James argues that Brink failed to prove his guilt beyond a reasonable doubt. We have already determined that Brink needed to prove the violation by a preponderance of the evidence.

exerting unauthorized control over another's property. We disagree.

The record contains evidence which gives rise to a reasonable inference that James retained money paid to Brink for his own use. Other employees testified that they saw James put invoices and money in his pocket and did not see him ring up the sale on the cash register. A number of invoices signed by James were not stamped by the cash register, as they would have been had James followed Brink's procedures in ringing up the sales. Further testimony reveals that the amounts on the unstamped invoices did not appear on the cash register tapes for the dates on which the invoices were written.

James asserts that he put money in his pocket and rang the sales later or had someone else ring his sales and that he had trouble working the cash register, so he rarely stamped his invoices. He further argues that many invoices were not paid on the day they were written, but were paid later by customers who took items home to try out. Brink presented testimony by other employees that they had no trouble with the cash register, that customers rarely took an item home without paying for it and that, if they did, the invoice would be marked with the date on which the charge was paid.

The evidence supports a reasonable inference that Jones kept the money which he received on behalf of Brink. That he acted knowingly or intentionally may also be inferred from the testimony that he put invoices and money in his pocket. *See Ball v. State* (1980), Ind.App., 406 N.E.2d 305, 309.[5]

James also contends that Brink failed to prove that it suffered a pecuniary loss. The evidence supports a reasonable inference that James sold medical or surgical supplies to Brink's customers and did not put the money paid by the customers in Brink's cash register, actions which clearly would result in a loss of that money to Brink.

### III.

### Commissions

In addition to $19,198.35 in treble damages and $4,000.00 in attorney fees, the trial court awarded Brink $2,000.00 as reimbursement for sales commissions Brink paid to James on the money which he converted. James contends that these damages were neither sought in the complaint nor included as an issue to be tried in the pre-trial order. Brink argues that the issue of the commissions was tried with the implied consent of the parties. We agree with Brink.

The general rule is that the issues in a case are established by the evidence introduced at trial rather than by the pleadings. *Svetich v. Svetich* (1981), Ind.App., 425 N.E.2d 191, 193–94 (*trans denied*). Ind. Rules of Procedure, TR. 15(B) provides, in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . ."

TR. 15(B) also permits amendment to include issues not set forth in the pre-trial order. *Dominguez v. Gallmeyer* (1980), Ind. App., 402 N.E.2d 1295, 1299 (*trans. denied*). However, before a party may impliedly consent to the trial of an issue, he must receive some notice of that issue. *Svetich, supra.* Implied consent will not be found if the evidence establishing the new issue is introduced as part of the trial of an already pleaded issue. *Elkhart Cty. Farm Bur. Co-op. v. Hochstetler* (1981), Ind.App., 418 N.E.2d 280, 283–85. Fairness requires that the opposing party knew or should have known that the unpleaded issue was being presented. *Svetich, supra.*

In his opening statement at trial, Brink's counsel detailed the damages which Brink sought as follows:

---

5. James argues that the case against him rests solely upon circumstantial evidence and that it fails to exclude every reasonable hypothesis of innocence. This is not a criminal case; however, if it were, the judgment would be upheld on review if reasonable inferences may be drawn from the evidence to support the judgment. *Thomas v. State* (1981), Ind.App., 423 N.E.2d 682, 685.

"[M]oney which he has embezzled and can give no explanation for; the interest on that money; attorney fees, because it's a case of deliberate fraud, and then this is rather interesting: Mr. James, after pocketing the cash, would turn the invoices in, . . . [O]ver and beyond the money he embezzled, Mr. James would then turn invoices in so that he would get commissions on them on top of his regular salary. So you will have, as I say, the money that he embezzled, the interest on that money, attorney fees, the commissions which he was paid on money he never turned into the firm. . . ."

(Record, pp. 92–93). No objection was made. During the trial, Carl L. Brink, Sr., president and general manager of Brink & Erb, Inc., testified that James was paid $2,000.00 in commissions on sales for which James did not turn over the money to Brink. The record shows no objection to this testimony.[6]

The opening statement and Carl Brink's testimony established that the issue of sales commissions paid to James was being tried. Evidence regarding the commissions was not relevant to the issues of conversion or attorney fees. Therefore, by failing to object, James impliedly consented to the trial of the issue.

James also contends that the evidence does not support the award and that the commissions were not wrongfully paid because he did not convert Brink's money. As we have already stated, the evidence supports the trial court's determination that James exerted unauthorized control over Brink's money. The unrefuted testimony of Brink's president and general manager that Brink paid James $2,000.00 in commissions on money which Brink did not receive is sufficient to support the trial court's award.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

**6.** The record of Carl Brink's direct testimony consists of a narrative prepared by the trial judge because of a malfunction of the recording equipment.