Byron L. RAKES, Elizabeth F. Rakes, a/k/a Mrs. Byron L. Rakes, Appellants (Plaintiffs Below),

v.

Beth WRIGHT, Appellee (Defendant Below).

No. 18A04–8603–CV–91.

Court of Appeals of Indiana, Fourth District.

Oct. 8, 1986.

Thomas M. Hinshaw, Anderson, Constance Sara Hepburn, Indianapolis, for appellants.

Stan Wyrick, Muncie, for appellee.

CONOVER, Presiding Judge.

Plaintiffs-Appellants Byron Rakes (Byron) and Elizabeth Rakes (Elizabeth), (collectively the Rakeses) appeal the trial court's denial of their request for treble damages in an action following the alteration of their check by Defendant-Appellee Beth Wright (Wright). IND. CODE 34-4-30-1 (West's AIC 1983).

We Reverse.

ISSUES

Because we reverse, we address only the following issue:

1. whether the trial court erred in awarding the Rakeses's only actual damages following their request for treble damages pursuant to IND. CODE 34-4-30-1.

FACTS

On June 9, 1983, Byron realized he had made a mistake while doing some plumbing work for Wright. He asked Elizabeth to write a check for $100 to compensate Wright for the mistake. Elizabeth wrote the check and mailed it to Wright.

The Rakeses have a joint checking account at the Industrial Centre Credit Union. Their draft book is designed to create a carbon copy of each check written. Draft number 168 was made payable to Wright, and the carbon copy shows the draft was written for $100. Wright negotiated the check on or about September 8, 1983, by depositing it in her account at the Central Bank & Trust Co. When she deposited the check, it was altered to show an amount of $900. The draft was paid by financial institutions in the altered amount of $900 and the Rakeses account was debited in this amount. They never authorized Wright to alter the draft amount to $900.

The Rakeses recognized the alteration when it appeared on an account statement they received from the Industrial Centre Credit Union, showing the draft paid on September 12, 1983. They then filed a complaint in the Delaware Superior Court against Industrial Centre Federal Credit Union, Central Bank & Trust, Chase Manhattan Bank, and Beth Wright. The cause was subsequently dismissed as to the respective banks. At trial, a microfilm copy of the draft was admitted into evidence. Kim Sylvester, an assistant manager at Industrial Centre Credit Union who dealt with draft accounts, testified in her opinion the check had been altered. The trial court found:

### JUDGMENT

\*    \*    \*    \*    \*    \*

Plaintiffs shall have judgment against Defendant, Beth Wright, in the amount of Eight Hundred Dollars ($800.00) together with interest at the statutory rate of 12% from the date of September 8, 1983, until paid and judgment in the amount of Two Hundred Fifty Dollars ($250.00) for attorney fees.

(R. 143).

The Rakeses thereafter filed a motion to correct errors. This motion was premised upon their amended complaint which included a specific prayer for treble damages pursuant to IND. CODE 34-4-30-1 (West

AIC 1983). The trial court denied this motion and the Rakeses now appeal.

## DISCUSSION AND DECISION

### I. *Standard of Review.*

▆▆▆ We have not been favored with an Appellee's brief. Instead of imposing upon this court the burden of controverting arguments advanced for reversal, we merely apply a less stringent standard of review with respect to showing reversible error when an appellee fails to file a brief. The Rakeses need only establish the lower court committed *prima facie* error to win reversal. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991. In this context, *"prima facie"* means at first sight, on a first appearance, or on the face of it. *Harrington v. Hartman* (1968), 142 Ind.App. 87, 233 N.E.2d 189, 191. Likewise, the statement of facts contained in the Rakeses' brief is deemed by us to be accurate and sufficient for disposition of this appeal. *Colley v. Carpenter* (1977), 172 Ind.App. 638, 362 N.E.2d 163, 166.

### II. *IND. CODE 34-4-30-1 (West AIC 1983)*

▆▆▆ The Rakeses contend the trial court erred in denying their request for treble damages. They claim the evidence was sufficient to support the trial court's finding Wright altered the check. Thus, they opine, conversion and forgery were established pursuant to the criminal code and the treble damages prayed for in their amended complaint should have been awarded. We agree.

IND. CODE 34-4-30-1 states [1]

If a person suffers a pecuniary loss as a result of a violation of IC 35-43, he may bring a civil action against the person who caused the loss for:

(1) an amount *equal* to three (3) times his actual damages;

(2) the costs of the action; and

(3) a reasonable attorney's fee.

(Emphasis supplied).

The IC 35-43 offenses arising from this cause of action are (1) conversion and (2) forgery.

IND. CODE 35-43-4-3 states:

A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor.

IND. CODE 35-43-5-2 states:

A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) by another person;

(2) at another time;

(3) with different provisions; or

(4) by authority of one who did not give authority;

commits forgery, a Class C felony.

At trial, the Rakeses presented evidence indicating the check had been altered from its original state. The court ruled in their favor, awarding them their actual damages ($800).

A conviction for conversion or forgery is not required to find Wright trebly liable. *Campins v. Capels* (1984), Ind.App., 461 N.E.2d 712, 718. They only need prove their claim by a preponderance of the evidence in this civil action, as indeed they did. *James v. Brink & Erb, Inc.* (1983), Ind. App., 452 N.E.2d 414, 416. In *American*

---

1. IND.CODE 34-4-30-1 was amended in 1984 by P.L. 172-1984, SEC. 1 to state:

> If a person suffers a pecuniary loss as a result of a violation of IC 35-43, he may bring a civil action against the person who caused the loss for:
>
> (1) an amount *not to exceed* three (3) times his actual damages;
>
> (2) the costs of the action; and
>
> (3) a reasonable attorney's fee. (Emphasis supplied).

The previous section provided for treble damages while the statute now allows a maximum of three times actual damages. *See,* 19 Ind.L. Rev. 122 (1985). In the absence of express language to the contrary, which is the case here, legislative enactments, including amendments to existing laws, are construed as being prospective in operation. *State v. Denny* (1980), Ind. App., 409 N.E.2d 652, 654. Because this cause of action arose in 1983, the amended statute is not applicable to this case.

*Leasing, Inc. v. Maple* (1980), Ind.App., 406 N.E.2d 333, Judge Shields discussed IC 34–4–30–1, stating:

> A conviction is not necessary to come within the ambit of IC 34–4–30–1. If the legislature intended a "conviction" as a condition precedent, it would have so stated. Instead, it used the word "violation."

That a violation is not the equivalent of a conviction can be readily seen from our treatment of statutory violations in the area of negligence per se. In Indiana a non-excused or non-justified *violation* of a duty prescribed by statute or ordinance is negligence per se. *Ray v. Goldsmith*, (1980) Ind.App., 400 N.E.2d 176, Tr. Denied. For a plaintiff to receive the benefit of this doctrine, proof of facts constituting a violation of the statute or ordinance is required. A prior conviction or judgment for the violation is not required. (Emphasis in original).
406 N.E.2d at 335.

Substantial evidence of probative value supports the trial court's finding and judgment. That the Rakeses mailed the draft directly to Wright, and she then deposited the same in her account in its altered state gives rise to a reasonable inference she altered the draft. Thereafter, as a proximate result of that deposit, the Rakeses' account was debited in the unauthorized amount upon presentment, causing them an $800 "pecuniary loss" within the meaning of the statute. *American Leasing*, 406 N.E.2d at 335. Such activity constitutes a "violation" of our forgery and conversion statutes sufficient to trigger that statute's treble damage provision. The trial court had no discretion in this matter. When it found all the statutory provisions satisfied, the imposition of three times the Rakeses' actual damages was mandatory, under the statute as then written.[2]

IC 34–4–30–1 is a punitive damage statute. Its intent is not to compensate a plaintiff, but rather to punish the wrongdoer so as to deter him and others from engaging in similar conduct in the future. *Husted v. McCloud* (1983), Ind., 450 N.E.2d 491, 495.

Punitive damages are awarded as a matter of public policy. *United States Fidelity and Guaranty Co. v. DeFluiter* (1983), Ind.App., 456 N.E.2d 429, 431. The legislature, through enactment of statutes, defines public policy. *DeFluiter, supra,* 456 N.E.2d at 432. In construing statutes, our foremost concern is to determine and give effect to the true intent of the legislature. *Frame v. South Bend Community School Corp.* (1985), Ind.App., 480 N.E.2d 261, 263. Here, the public policy behind deterring violations of IC 35–43 which result in pecuniary losses has been statutorily recognized. Thus, the trial court erred in failing to award treble damages pursuant to the statute.

### III. *Appellate Attorney Fees.*

■ The Rakeses have filed a motion in this court for appellate attorney fees. The "reasonable attorney's fee" provision under IND. CODE 34–4–30–1(3) encompasses appellate fees. *Campins v. Capels, supra,* 461 N.E.2d 712, 723. The Rakeses' petition is supported by an affidavit which includes detailed time sheets (totalling 22.1 hours of work) and also a sworn statement indicating the $50 hourly rate was reasonable. Finding this affidavit well documented and unopposed, we grant the Rakeses' motion in the amount of $1,105. Because the affidavit fails to specify how the $484 sum for costs was determined, we deny that portion of the motion.

Reversed and remanded with instructions to the trial court to amend its judgment consistent with the provisions of this opinion.

MILLER and YOUNG, JJ., concur.

---

**2.** We are not called upon to determine whether the legislature vested the trial courts with discretion as to such imposition by its 1984 amendment, see note 1.