**HOO SIONG CHOW,**
Appellant–Plaintiff,

v.

**TRANSWORLD AIRLINES,**
Appellee–Defendant.

**No. 53A01–8903–CV–00061.**

Court of Appeals of Indiana,
First District.

Oct. 10, 1989.

Paula Gordon White, David K. Cox, Legal Intern, Student Legal Services, Bloomington, for appellant-plaintiff.

ROBERTSON, Judge.

Appellant Hoo Siong Chow (Chow) appeals the judgment denying his complaint for damages against Transworld Airlines (TWA).

We reverse.

As specified in the court-approved "Statement of Evidence," Chow made arrangements through a travel agent to fly from Indianapolis to Singapore on June 27, 1986. Singapore Airlines issued a round-trip ticket which originally included a TWA flight to Los Angeles. Shortly before the trip, Chow's flight was re-routed to San Francisco. Accordingly, Chow was to fly TWA from Indianapolis to St. Louis, and from St. Louis to San Francisco before boarding a Singapore Airlines plane for the Orient. Chow's TWA flight was scheduled to arrive in San Francisco almost two hours before the flight to Singapore was scheduled to leave.

During the stopover in St. Louis, engine trouble developed in the departing plane and passengers were returned to the terminal for a one-hour delay. During this delay, a TWA terminal official responded to Chow's concerns by telling him that in the event he missed his connecting flight, TWA would arrange for him to take the next Singapore flight out of San Francisco. Once the engine problem was resolved, TWA decided to delay the departure once more to board additional passengers. This delay was an additional two hours. A flight attendant assured Chow that in the event he missed his scheduled flight, TWA would make arrangements for him.

Chow's Singapore Airlines flight departed minutes before the TWA flight arrived in San Francisco. Officials at the TWA counter told Chow he was not the only passenger "in this situation," that all those passengers affected by the delay would be housed overnight at TWA's expense, and their names would be placed on the "priority list" for the next Singapore Airlines flight to their destination. On June 28, the

following morning, Chow called Singapore Airlines to learn whether he had a reservation on the next Singapore flight to depart, which was scheduled to leave that day. Singapore Airlines informed him no arrangements had been made. After Chow contacted TWA, he was assured once again that TWA would make arrangements immediately. After waiting several hours, Chow again learned TWA had not made necessary arrangements. TWA's response to Chow's inquiry was that TWA could no longer help him, and he was "on his own." Inexplicably, TWA had been successful in seating a couple on the Singapore flight who had also missed the connecting flight because of the delay in St. Louis.

Singapore Airlines was unable to give Chow a seat in the economy class; he had to purchase a seat in the business class for the leg from San Francisco to Singapore at an additional cost of $928. Chow brought suit asking for judgment in the amount of $928. The trial court found facts on its own motion. In its order, the trial court found the facts essentially as stated above and concluded that Chow could not claim damages under a contract theory because Section 9 of the Conditions of Contract printed on Chow's ticket disclaimed any liability for failure to make connections. However, the court concluded that the case "fit squarely" into the frame of promissory estoppel. In its "discussion" the court found TWA had repeatedly promised to place Chow on a priority list with Singapore, and in doing so, must have realized that their promises would induce Chow's failure to make arrangements with Singapore himself. Nevertheless, the court concluded, Chow had not shown that his damages were caused by TWA's failure to perform as it had promised because Chow had not established that TWA could have gotten him a discount seat on Singapore even had it made more timely efforts. The court then denied relief.

We may resolve this appeal by determining whether the evidence supports a cause of action on the theory of promissory estoppel.

The doctrine of promissory estoppel, embodied in Section 90 of the Restatement of Contracts, provides:

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise."

Although the doctrine was commonly applied in the area of charitable subscriptions, Indiana has adopted and used the doctrine in commercial settings also. *Lyon Metal Products v. Hagerman Const. Corp.* (1979), 181 Ind.App. 336, 391 N.E.2d 1152. Having stated the principle, we observe that we have not found an appellate decision in which promissory estoppel has been applied to this fairly commonplace set of facts. Hence, we must approach the task of determining whether Chow established the elements of promissory estoppel without guidance from caselaw other than that to which the doctrine has been applied under very disparate factual circumstances.

■ Nevertheless, we readily find that promissory estoppel fits squarely within the uncontroverted facts of this case. The trial court also so held, finding:

In this case TWA agents continually promised plaintiff that they would place him on a priority list with Singapore Airlines. In doing so, the TWA agents must have realized that their substantial and continuing promises to contact Singapore Airlines would cause Plaintiff to rely on their commitment to ensure his placement on the list. This caused Plaintiff not to call Singapore Airlines himself. TWA was therefore under a duty to use care to ensure that the communication was made to Singapore Airlines unless it gave Plaintiff notice that it would not fulfill its promise. It was reasonable for Plaintiff to rely on TWA's promise. TWA had superior communication ability and was familiar with the policies of other airlines with regard to priority lists.

■ However, the trial court denied relief because it concluded Chow "must prove that his damages were caused by TWA's failure to perform as it had promised." The court imposed on Chow the burden of proving that had TWA called Singapore Airlines within a reasonable time after

promising to do so, Chow would have been placed on the priority list for the economy fare [1]. We are unaware of any case which has limited operation of promissory estoppel in the way in which the court limits it here. The purpose of Section 90 is to make a promise binding even though consideration is lacking "in the sense of something that is bargained for and given in exchange." *Pepsi–Cola General Bottlers, Inc. v. Woods* (1982), Ind.App., 440 N.E.2d 696, quoting *Drennan v. Star Paving Co.* (1958), 51 Cal.2d 409, 333 P.2d 757. The elements of estoppel appear to have been met. TWA made promises which it reasonably should have expected to induce Chow to refrain from calling Singapore Airlines or, conceivably, could have induced him not to attempt to hold up the flight to Singapore in San Francisco while he was waiting in St. Louis. TWA did not condition its promise on the availability of discount seats. Whether a seat in economy class would have been available earlier is not germane to the question here. The inquiry is simply whether Chow refrained from contacting Singapore Airlines himself in reliance on TWA's promise to secure a seat for him on the next Singapore flight. We do not believe that justice would be served by insisting that Chow demonstrate that diligence on TWA's part would have resulted in Chow flying at the discount rate before we make TWA's promise binding.

The court erred in engrafting a causation element on the test for promissory estoppel. TWA has not filed an appellee brief responding to Chow's arguments. Therefore, only prima facie error need be shown. *Rakes v. Wright* (1986), Ind.App., 498 N.E.2d 101. Chow has met this burden; accordingly, we reverse.

Judgment reversed with instructions to enter judgment for Chow.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

**1.** The court also concluded that Chow's evidence that the couple had obtained seating in economy class was not sufficient to show that he could have obtained it.