**HART CONVERSIONS, INC. and Lorell Nihart, Appellants–Defendants,**

v.

**PYRAMID SEATING CO., INC., Appellee–Plaintiff.**

No. 20A04–9503–CV–110.

Court of Appeals of Indiana.

Nov. 29, 1995.

Samuel J. Rodino, Elkhart, for Appellants.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Defendants–Appellants Hart Conversions, Inc. (Hart) and Lorell Nihart (Nihart) appeal a denial of their summary judgment motion in an action involving Plaintiff–Appellee Pyramid Seating Co., Inc.

We reverse.

*ISSUE*

Hart and Nihart raise the following issues for our review:

1. Whether the trial court erred in finding that a material issue of fact existed on the issue of whether Pyramid's claim for penal sums was extinguished.

2. Whether the sale of Hart's account served to assign the claim for penal sums to the buyer.

### FACTS AND PROCEDURAL HISTORY

On August 11, 1987, Pyramid filed a complaint against Hart and Nihart alleging that it had delivered certain goods to Hart on open account. The complaint further alleged that Hart accepted the goods, but did not pay for them. Pyramid asked for judgment on the account in the amount of $8,216.00, plus interest.

In the complaint, Pyramid raised a second cause of action. Pyramid alleged that Hart "paid" the account in question with five checks, signed by Nihart, which were returned because of insufficient funds. Pyramid asked for statutory penal sums under IND.CODE 34–4–30–1 [1].

In its answer, Hart admitted that it owed on the account. However, Hart, and its president, Nihart, denied any liability for check deception.

On November 16, 1993, Hart and Nihart filed a motion for summary judgment and supporting materials alleging that Pyramid sold the account as part of a sale of the business to Four–J Seating, Inc. on August 29, 1987. Their motion further alleged that the right to the penal sums was not assigned in the sale.

On February 1, 1994, Pyramid filed its "Plaintiff's Objections To And Motion For Denial Of Defendant's Motion For Summary Judgment." The motion alleged that Hart and Nihart's motion should be construed as a motion that the "real party in interest" be determined.

On October 12, 1994, the trial court denied Hart and Nihart's summary judgment motion. In so doing, the court concluded that "there is no issue of material fact raised by any party about which there is not a genuine dispute." (R. 107). The court later granted Hart and Nihart's motion to certify the issue of its ruling for interlocutory appeal pursuant to Ind.App. Rule 4(B).

### DISCUSSION AND DECISION
### STANDARD OF REVIEW

When reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *American Family Mutual Insurance Co. v. Dye* (1994), Ind.App., 634 N.E.2d 844, 846, *reh'g denied, trans. denied.* Summary judgment is appropriate if the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the movant to establish the propriety of summary judgment. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101, *reh'g denied.*

### I. EXTINGUISHMENT OF PENAL SUMS

Hart and Nihart contend that, as a matter of law, Pyramid's right to receive penal sums was extinguished when it sold the account to Four–J. In support of their contention, Hart and Nihart point out that I.C. 34–4–30–1, authorizes an action for penalties only upon pecuniary loss occasioned by check deception and other statutory violations. They reason that Pyramid suffered no pecuniary loss since it received $9,996.47 for the account from Four–J.

As noted above, I.C. 34–4–30–1 establishes the measure of the penal sums as three times the actual damages. At the time that Pyramid filed its complaint, the amount Hart owed to Pyramid on the account, $8,216.00 (plus interest), constituted the actual damages. After Pyramid sold the account to Four–J, the amount Hart owed to Pyramid was zero. Obviously, the basis for the penal sums was extinguished. In selling the account to Four–J, Pyramid forfeited its right to receive treble damages.

---

1. I.C. 34–4–30–1 (1987) provides:
   If a person suffers a pecuniary loss as a result of a violation of I.C. 35–43, he may bring a civil action against the person who caused the loss for:

   (1) an amount equal to three (3) times his actual damages;
   (2) the costs of the action;
   (3) a reasonable attorney's fee.

**131**

## II. ASSIGNMENT OF CLAIM

Hart and Nihart further contend that the contract for the sale of the account as part of the sale of the business to Four–J did not assign the right to penal sums to Four–J. Hart and Nihart point to designated evidence, in the form of the contract and the deposition testimony of Pyramid's owner, William M. Holdeman, in support of their contention.

■ The general rule is that the right to collect a penalty is a personal right which is not assignable. *Investors Title Insurance Co. v. Herzig* (1992), 330 N.C. 681, 413 S.E.2d 268, 271 (holding that the right to collect for deceptive practices is personal and cannot be assigned); *Snodgrass v. Sisson's Mobile Home Sales, Inc.* (1978), 161 W.Va. 588, 244 S.E.2d 321, 323, *reh'g denied* (holding that an action to collect a statutory penalty is not assignable unless the statute contains language indicating intent to make the action assignable). In Indiana, a personal right cannot be assigned. *Rasp v. Hidden Valley Lake, Inc.* (1988), Ind.App., 519 N.E.2d 153, 158, *reh'g denied.*

■ I.C. 34–4–30–1 is a punitive statute intended to deter the wrongdoer and others from engaging in similar future conduct. *Rakes v. Wright* (1986), Ind.App., 498 N.E.2d 101, 104, *amended* 500 N.E.2d 234. The right is personal in nature and cannot be assigned. As a matter of law, Four–J, as assignee of the contract, has no right to collect the penal sums.

Furthermore, we note that the Accounts Receivable exhibit attached to the contract between Pyramid and Four–J specifies that the Hart account was sold and assigned for $9,996.47. There is no provision in the contract or the attached exhibit indicating that anything other than the account was being sold and assigned. The lack of intent to assign any right is illustrated by Holdeman's deposition testimony that his intent in entering the contract was merely to sell the account.

### CONCLUSION

As a matter of law, Hart and Nihart are entitled to judgment. We reverse with instructions that the trial court grant Hart and Nihart's summary judgment motion.

Reversed.

DARDEN and BAKER, JJ., concur.