SDL ENTERPRISES, INC., d/b/a The Travel Center, Appellant–Plaintiff,

v.

Sharon DeREAMER, Sonya Clark, Carefree Travel, Inc. and Shirley Weiler, Appellees–Defendants.

No. 30A05–9611–CV–460.

Court of Appeals of Indiana.

Aug. 14, 1997.

Christopher S. Roberge, Foley & Pool, Indianapolis, for Appellant–Plaintiff.

Frank C. Capozza, Indianapolis, Blair Amick, Greenfield, for Appellee–Defendant Sonya Clark.

John L. Davis, Pritzke & Davis, Greenfield, for Appellees–Defendants Carefree Travel, Inc. and Shirley Weiler.

Dawn E. Wellman, Brand & Allen, Greenfield, for appellee Sharon DeReamer.

## OPINION

SHARPNACK, Chief Judge.

SDL Enterprises, Inc., d/b/a the Travel Center ("SDL"), appeals the trial court's grant of summary judgment in favor of the appellee-defendants, Sharon DeReamer, Sonya Clark, Carefree Travel, Inc. ("Carefree"), and Shirley Weiler (collectively "the appellees"). The sole issue raised for our review is whether the trial court erroneously granted summary judgment. We affirm.

The facts are undisputed. In 1989, DeReamer hired Clark to work for her travel agency called Dream World Travel, Inc. ("Dream World"). On May 1, 1989, Clark executed a covenant not to compete with Dream World for one year following the termination of her employment.

In 1992, DeReamer arranged to sell Dream World to Jane Grimm ("Grimm"), who owned a corporation called J.L. Grimm, Inc. On April 10, 1992, DeReamer and Grimm entered into two contracts. In the first contract, which was entitled "Contract for Sale of Corporate Assets," DeReamer agreed to sell Dream World's assets to Grimm for $20,000. Supplemental record, pp. 4–9. In the second contract, which was entitled "Covenant not to Compete," DeReamer agreed not to compete with Grimm for five years in exchange for $100,000. Record, p. 19.

After Grimm purchased Dream World, Clark continued to work for the travel agency. In early 1993, Grimm asked Clark to execute a new covenant not to compete, but Clark refused. Grimm later arranged to sell Dream World to SDL. On August 9, 1994, Grimm and SDL executed a contract in which SDL purchased Dream World's assets. In addition, Grimm assigned to SDL the covenants not to compete signed by DeReamer and Clark.

Thereafter, SDL operated the business as the Travel Center and continued to employ Clark at the travel agency. Later, SDL asked Clark to sign a new covenant not to compete, but Clark refused. On September 30, 1994, Clark resigned from the Travel Center. Clark then accepted employment at Carefree, a travel agency owned by Weiler. Later, DeReamer also accepted employment at Carefree.

On December 23, 1994, SDL filed a complaint against the appellees. SDL alleged that DeReamer and Clark had violated their covenants not to compete by working for Carefree. On December 4, 1995, DeReamer filed a motion for summary judgment. Thereafter, Carefree and Weiler filed their motion for summary judgment. On January 10, 1996, SDL filed a response to the motions for summary judgment and filed its own motion for summary judgment. Clark later filed her motion for summary judgment.

After a hearing on all of the motions on July 10, 1996, the trial court entered an order granting the appellees' motions for summary judgment and denying SDL's motion for summary judgment. SDL now appeals this judgment.

■ The sole issue raised for our review is whether the trial court erroneously granted summary judgment in favor of the appellees. When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court. *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.,* 493 N.E.2d 1229, 1234 (Ind.1986); *see* Ind.Trial

Rule 56. The appellant bears the burden of proving the trial court erred in determining that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). "A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue." *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 318 (Ind.Ct.App.1991).

■ In its brief, SDL argues that the trial court should not have granted summary judgment for the appellees. SDL contends that it was entitled to enforce the covenants not to compete because the assignment of these covenants was valid. We disagree.

The record indicates that the covenants not to compete signed by DeReamer and Clark were for personal services. DeReamer executed her covenant ancillary to the sale of Dream World, which provided in part:

"The Corporation [Grimm] agrees to pay Seller [DeReamer] the sum of One Hundred Thousand Dollars ($100,000.00) and in consideration for said sum, Seller agrees to refrain from engaging in the travel agency business within Hancock County, Indiana and all counties contiguous to Hancock County, Indiana for a period of five (5) years from the date of this agreement. For purposes of this agreement, a travel agency business shall be any business engaged in the sales or booking of travel arrangements or tours. For the purpose of this Agreement, a business shall be deemed engaged in by the Sellers if carried on by a partnership of which they are general or limited partners or a corporation or association of which they are shareholders or members or an individual proprietorship."

Record, p. 19.

Similarly, Clark's covenant provided in part:

"Now comes Sonya Clark and in consideration of employment with Dream World Travel, Inc. agrees as follows:

1. That in the event of termination of this employment relationship by discharge or for any other reason, the employee will not directly or indirectly enter into or engage in any business similar to or competing with the business of Dream World Travel, Inc. either as an individual or on her own account or as a partner or joint venture or as an employee, agent or salesperson for any reason or as an officer, director or shareholder of a corporation or otherwise for a period of one (1) year after the date of termination of her employment hereunder anywhere in Hancock County, Shelby County, Henry County or anywhere east of Shadeland Avenue in Marion County, Indiana, with any client, customer, individual or corporation of which was available to the employee while an employee of Dream World Travel, Inc."

Supplemental record, p. 3.

■ Covenants not to compete are of "a personal nature." *Jones v. Servel, Inc.*, 135 Ind.App. 171, 181, 186 N.E.2d 689, 694 (1962) (stating that covenants not to compete are personal service contracts). As a general rule, personal service contracts are not assignable. *Norlund v. Faust*, 675 N.E.2d 1142, 1151 (Ind.Ct.App.1997) (finding that employers may generally not assign covenants not to compete), *reh'g denied*, 678 N.E.2d 421; *First Community Bank v. Kelley, Hardesty, Smith & Co.*, 663 N.E.2d 218, 223 (Ind.Ct.App.1996) (noting that claims arising out of personal service contracts are generally not assignable). Moreover, a personal right cannot be assigned. *Hart Conversions, Inc. v. Pyramid Seating Co.*, 658 N.E.2d 129, 131 (Ind.Ct.App.1995); *see Rasp v. Hidden Valley Lake, Inc.*, 519 N.E.2d 153, 158 (Ind.Ct.App.1988) ("An assignment vests in the assignee all rights, remedies, and contingent benefits which are incidental to the thing assigned, except for those which are personal to the assignor and for his benefit only."), *reh'g denied*. However, some courts have recognized an exception whereby the covenantor may acquiesce and consent to the

assignment of his covenant. *Norlund*, 675 N.E.2d at 1151.

Here, pursuant to this exception, Grimm's assignment of the covenants not to compete would not be valid without the consent of DeReamer and Clark. *See id.* However, SDL does not contend, and the record does not indicate, that DeReamer and Clark ever consented to Grimm's assignment of their covenants to SDL. As such, the assignment of the covenants is not valid. *See id.*

Nevertheless, SDL asserts that "[i]t is a well settled principle of Indiana law that an assignment of a covenant not to compete made in conjunction with the sale of a business is valid and enforceable." Appellant's brief, p. 11. For support of this broad assertion, SDL relies exclusively upon *Bennett v. Carmichael Produce Co.*, 64 Ind.App. 341, 115 N.E. 793 (1917). In *Bennett*, the plaintiff filed an action to recover liquidated damages for the defendants' breach of contract. Specifically, the plaintiff alleged that the defendants violated a provision of an agreement for the sale of their business by competing within a certain county. The plaintiff claimed that the defendants' breach triggered the penalty provision within the agreement for liquidated damages. However, the defendants claimed that the plaintiff could not enforce this penalty provision for liquidated damages because the plaintiff was not a party to the agreement, but rather was an assignee. The defendants contended that the liquidated damages were only payable to the original party and were not assignable.

The appellate court held that there was an "assignable interest in the liquidated damages provided for in said contract until there had been a breach thereof." *Id.* at 351, 115 N.E. at 796. Therefore, the court concluded that the plaintiff could recover the liquidated damages as "a chose in action" for the defendants' breach of the agreement. *Id.* at 352, 115 N.E. at 796.

Contrary to SDL's assertion, *Bennett* does not support the proposition that assignments of covenants not to compete are valid. Rather, *Bennett* holds that an assignee may enforce a penalty provision when a party breaches the contract. *Id.* As such, we cannot extend *Bennett* beyond its holding to validate all assignments not to compete as SDL suggests.

We hold that the covenants not to compete signed by DeReamer and Clark were personal service contracts which were not assignable. *See Jones*, 135 Ind.App. at 181, 186 N.E.2d at 694; *Norlund*, 675 N.E.2d at 1151. Therefore, SDL, as the assignee, had no right to enforce these covenants as a matter of law. *See Norlund*, 675 N.E.2d at 1151. Accordingly, we hold that the trial court properly granted summary judgment in favor of the appellees. *See Rosi*, 615 N.E.2d at 434.

■ As a final matter, we must address Clark's request for sanctions against SDL pursuant to Ind. Appellate Rule 15(G), which provides: "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases the discretion of the court; and the court shall remand such cause for execution." When reviewing a request for sanctions against the appellant, we must use extreme restraint to avoid causing a "chilling effect upon the exercise of the right to appeal." *Orr v. Turco Mfg. Co.*, 512 N.E.2d 151, 152 (Ind.1987). As such, a discretionary award of damages is only proper when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Id.*

Here, Clark claims that SDL failed to include several documents in the record and made various misstatements in its brief. Although the record and SDL's brief do contain numerous deficiencies as Clark suggests, these deficiencies do not rise to the level warranting sanctions. *See id.* Therefore, we hold that such sanctions are inappropriate for this case. However, Clark as a prevailing appellee is entitled to recover costs in accordance with App.R. 15(H).

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

RUCKER and BARTEAU, JJ., concur.