**Billy R. CURTIS, Appellant–Plaintiff,**

v.

**Patrick P. CLEM, Appellee–Defendant.**

**No. 45A04–9605–CV–191.**

Court of Appeals of Indiana.

Dec. 18, 1997.

James T. Walker, James T. Walker, P.C., Merrillville, for Appellant–Plaintiff.

David R. Phillips and Ricardo A. Hall, Spangler, Jennings & Doughtery, P.C., Merrillville, for Appellee–Defendant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Billy R. Curtis appeals a trial court order reducing a judgment entered upon a jury verdict awarding compensatory damages against Patrick P. Clem in the amount of pretrial payments made by Clem's insurance carrier.

We reverse.

### ISSUES

Whether the trial court erred in reducing the judgment entered upon a jury verdict awarding compensatory damages.

### FACTS [1]

■ On May 26, 1994, Billy Curtis sustained personal injuries when his semi-tractor and trailer collided with an automobile operated by Patrick Clem. On October 7, 1994, Curtis filed a complaint against Clem. In his answer, Clem raised the defense of satisfaction, alleging in part that he was "entitled to credit for payments received by [Curtis] as compensation for damages" and requesting an "allowance of a pro tanto credit." (R. 17). The parties participated in a pretrial conference, and on October 2, 1995, filed a stipulated pretrial order subject to the approval of the trial court. In this pretrial order, Curtis contended that Clem's insurance carrier had paid him "$4,169.12 toward income loss and $2,490.25 toward property damage," and that Clem was "entitled to credit for both [ ] payments." (R. 32). Clem contended, in part, as follows:

Mr. Clem ... contends that the fault or contributory fault of the plaintiff, including plaintiff's failure to mitigate damages, were proximate causes of the plaintiff's claimed injuries and damages.

Mr. Clem also disputes the nature, extent and origin of plaintiff's claimed injuries and damages. Regarding the property damage, there has been a full satisfaction and accord of any debt arising from this accident. Specifically Mr. Clem's insurer ... paid Mr. Curtis $2,490.25 ... and $4,169.12.... These amounts represent full compensation for the decrease in the fair market value of Mr. Curtis' vehicle, and also full compensation for any loss of use. Mr. Clem contends he is entitled to a credit or set off for these funds forwarded on his behalf.

(R. 33). The trial court approved this pretrial order.

A jury trial was held on February 12, 15 and 16, 1996. During opening statement, Curtis' counsel stated as follows:

As far as damages are concerned, the—the—most of the property damage has been paid for already on Mr. Clem's behalf. There was a payment of approximately $2,490 that's already been paid. And that's fine. We're not contesting that. There was some additional property damages for front end damage to the vehicle in terms of frame damage and other minor front end damage. That's—a portion of that is still unpaid. The downtime on the truck was paid on Mr. Clem's behalf, and that's not really an issue in this case. That figure was [$]4,169 was paid for that.

(R. 114). During the presentation of evidence, the jury was made aware of the property damage to Curtis' semi-tractor and trailer (including the property damage for which Curtis had already been compensated) and his loss of use of the vehicle. The jury was also made aware of the pretrial payments of $2,490 and $4,192 made by Clem's insurance carrier toward certain property damage and loss of use of the vehicle, respectively. Dur-

---

1. Clem correctly notes that Curtis' statement of facts in his appellant's brief fails to comply with Ind.Appellate Rule 8.3(A)(5) because it consists of summaries of testimony of witnesses and is not supported by references to the record. The statement of facts contained in an appellate brief is to be a narrative statement of facts, stated in the light most favorable to the judgment, and shall not be argumentative or summarize the testimony of each witness. *FMC Corp. v. Brown,* 526 N.E.2d 719, 723–24 n. 1 (Ind.Ct.App.1988). Curtis' statement of facts is argumentative and contains lengthy excerpts of testimony of witnesses. While we recognize these shortcomings in Curtis' Brief, we choose to address the merits of his appeal.

ing closing argument, Curtis' counsel made the following comments to the jury regarding the pretrial payments:

> ... we've been saying to you throughout the whole trial, we're not making any claim for downtime on the truck. And frankly, I don't know what all this stuff is about the downtime on the truck. State Farm are the ones that came up with the figures, and now, they want to complain about it. They never asked for the money back, and when we come to trial, they're screaming and yelling that they paid too much. Well, I don't know what that means.
>
> The body damage on the truck, I told you at the beginning, is paid and we accept that. No problem. The front end damage was not totally paid, but it's a little tiny item, and it's—it started out like this, permanent damage was $1,699. And then a hundred dollars of it was paid by—actually, 250 of that was already paid by State Farm. So, you take off, minus 250, and we get $1,449, I think ...

(R. 698).

Without separating out or making any distinction between paid and unpaid property damage claimed by Curtis and without mentioning the pretrial payments made to Curtis, the trial court gave a final instruction to the jury to calculate Curtis' *total* damages. On February 16, 1996, the jury returned a verdict in favor of Curtis in the sum of $25,000, and the trial court entered a judgment thereon.

Neither party appealed the judgment or filed a motion to correct error. However, on April 4, 1996, Clem filed a motion for satisfaction of judgment, requesting that the trial court reduce the $25,000 judgment to $18,521.08 in accordance with the pretrial order wherein the parties agreed that the defendant was entitled to a credit of $6,659.37. On May 9, 1996, after hearing arguments by counsel, the trial court entered an order finding that Clem was entitled to a credit of $6,659.37 against the judgment. The trial court's order reads in part as follows:

> The jury trial in this matter resulted in a verdict in favor of the Plaintiff and

against the Defendant in the sum of $25,000.00. In the Pre–Trial Order, each party contended and therefore agreed that the Defendant was entitled to partial satisfaction of the judgment in the sum of $6,659.37. The credit was by reason of payments made toward property damage and lost income by the Defendant's insurance carrier prior to trial.

During the trial, the jurors were made aware of the partial payments. The Court instructed the jury on the Plaintiff's measure of damages. Counsel were both aware of the agreement regarding reduction of the judgment by virtue of the payments throughout the trial and the Court now finds no basis to change the contentions.

IT IS NOW THEREFORE ORDERED that the Defendant's Motion for Partial Satisfaction of Judgment is hereby GRANTED. Defendant is entitled to credit of $6,659.37 against the judgment entered in this case upon the jury's verdict. The Clerk shall therefore show a reduction of the judgment amount by $6,659.37 effective the date of the entry of judgment. Plaintiff is entitled to collection of the balance of the judgment, plus costs, together with interest from the date of judgment until paid in full.

(R. 97–98). Additional facts are supplied as necessary.

## DECISION

■ Before addressing the merits of Curtis' contentions on appeal, we note that pretrial payments, such as the ones made in this case, are generally inadmissible at trial. Payments made to a plaintiff in advance of trial by a defendant or a defendant's insurer constitute "advance payments" and are inadmissible in evidence during the trial. Ind. Code § 34–3–2.5–1; *Barnes v. Barnes*, 603 N.E.2d 1337, 1346 (Ind.1992).[2] In the event of a verdict awarding a plaintiff compensatory damages, the defendant may present proof of his advance payments, whereupon the court is required to reduce the verdict to the extent that said award includes an

---

**2.** Like I.C. § 34–3–2.5–1, Ind.Evidence Rule 409 precludes the admission of evidence of a party's payment of medical or similar expenses, such as

the damage to property, to prove liability for such injury or damage.

amount paid by any such advance payment. *Id.* at 1347; Ind.Code § 34–3–2.5–2.

Contrary to the aforementioned law, the jury in the case at bar was presented substantial information and evidence throughout the trial regarding advance payments. During opening statement, Curtis' counsel stated (1) that Curtis was satisfied with the pretrial payments of $2,490 and $4,169 made on Clem's behalf for certain property damage to, and downtime of, his vehicle; and (2) that these payments were not an issue in the case. Curtis' counsel also stated that Curtis was only seeking a portion of property damage which remained unpaid by Clem. Clem did not object to these statements.

During the presentation of evidence, David McCann, the body shop manager at Great Lakes Peterbilt GMC Truck, testified that he prepared a body damage estimate for Curtis' vehicle in the amount of $2,490.25. McCann further testified that the estimate did not include hidden damage. On cross examination of McCann, Clem's counsel brought to the jury's attention that Curtis had already been paid $2,490 for this body damage estimate. (R. 225). Curtis' counsel then established that the small amount of front end damage was not covered by McCann's body damage estimate. Clem's counsel then repeatedly questioned Mr. and Mrs. Curtis regarding the precise amount and nature of the pre-trial payments, including the payment of $4,169 for the loss of use of the truck. During final argument, Curtis' counsel, without objection from Clem, again made it clear to the jury that Curtis was not seeking any recovery for the $2,490 and $4,169 that Curtis had already been paid for the property damage and loss of use of the truck. He further argued that he was only making a claim for the small amount of unpaid property damage.

On appeal, Curtis argues that even if we conclude that he had agreed in the pretrial order that Clem was entitled to partial satisfaction of the judgment for the pretrial payments,

> the parties did not try the case in a manner which would make it either logical or

appropriate to grant defendant Clem an automatic post judgment reduction, and the pleadings and pre-trial order must be deemed amended to conform to the evidence as submitted to the jury.

Appellant's Brief at 27. He contends that "[t]he issue of pre-trial payments made on Clem's behalf by his insurer were clearly before the jury for their consideration." Appellant's Reply Brief at 4. We agree.

■ Generally, the issues in a case are established by the evidence introduced at trial rather than by the pleadings. *James v. Brink & Erb, Inc.*, 452 N.E.2d 414, 417 (Ind. Ct.App.1983). Ind.Trial Rule 15(B), upon which Curtis relies, provides in part as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues....

T.R. 15(B) also permits an amendment to include issues not set forth in the pre-trial order. *Id.* However, before a party may impliedly consent to the trial of an issue, he or she must receive some notice of that issue. *Id.* The rationale behind T.R. 15(B) is to promote relief for a party based upon the evidence actually forthcoming at trial, notwithstanding the initial direction set forth by the pleading. *Ayr–Way Stores, Inc. v. Chitwood,* Ind., 261 Ind. 86, 300 N.E.2d 335, 338 (1973), *reh'g denied.*

■ In the present case, the trial court found that in the pretrial order, both parties "contended and therefore agreed that [Clem] was entitled to partial satisfaction of the judgment in the sum of $6,659.37." Assuming that this finding accurately reflects the agreement of the parties,[3] it would appear that the parties initially intended to remove the issue of partial satisfaction in the amount of pretrial payments from the jury. Howev-

---

3. We note that we do not necessarily agree with the trial court's characterization of the parties' contentions. While both sides agreed that Clem was entitled to a "credit," they did not both agree that $6,659.37 would automatically be applied *as partial satisfaction of the judgment.*

er, Curtis' opening statement and closing argument in addition to the testimony elicited by Clem established that the issue of partial satisfaction with respect to the pretrial payments was being tried by the jury, since this evidence was not relevant to any other issue in the case. By failing to object to Curtis' opening statement and closing argument and by eliciting a substantial amount of evidence regarding the nature and amounts of pretrial payments, Clem impliedly consented to a trial of this issue. As a result, we are convinced that the issue of partial satisfaction in the amount of pretrial payments was before the jury for its consideration. Furthermore, counsel could have avoided this confusing situation by tendering jury instructions and a verdict form informing the jury how they were supposed to use this evidence of partial payments in calculating damages. Because this issue had already been litigated by counsel and considered by the jury, we conclude that the trial court invaded the province of the jury when it granted Clem a post-judgment reduction in the amount of the pre-trial payments.

Clem argues that the trial court was entitled to exercise its equitable authority to preclude the double compensation which would flow from the application of T.R. 15. It is true that the law disfavors a windfall or a double recovery. Hence, a trial court must credit payments made in partial satisfaction of a claim against a remaining liability to prevent a double recovery. *Chaiken v. Eldon Emmor & Co.*, 597 N.E.2d 337, 347 (Ind.Ct.App.1992), *trans. denied.* However, because the record, when viewed as a whole, demonstrates that the issue of partial satisfaction with respect to pretrial payments was tried before the jury without objection, we are not convinced that a double recovery would have resulted absent a post-judgment reduction.

We reverse.

CHEZEM and NAJAM, JJ., concur.

*Simply, there is a recognizable difference between a stipulation that a defendant is entitled to* *a credit and that a defendant is entitled to partial satisfaction of a judgment.*